The Opinion of the Court was delivered by
WARDLAW, J.
A covenant for the renewal of a lease is like an executory agreement for an original lease. It is not a present demise, conferring an interesse termini, but is a stipulation for a demise to be made, giving a right to compel specific performance. If premises be occupied under it, and rent be paid, a tenancy from year to year will be implied, but our Act of 1817 (7 Stat. 67 § 3) as well as the English Common Law^ forbids that under such parol contract as is implied in cases of tenancy from year to year, the tenant should have a right of possession for a longer term than twelve months.
It was the duty of the defendant to have signified her option concerning the renewal at or before the expiration of the original lease. It has been argued that her giving no notice of an intention to quit, and her payment of rent for the second year, amount to the expression of her option and thus raise the implication of a renewed lease for three years, commencing October 1st, 1851. These are the very circumstances which plainly raise the familiar implications of a tenancy from year to year : even if they could be considered to express the option of the defendant, and a lease for three years could be made without writing, they could not supply that positive demise by the plaintiff, which the option would have given a right to, but would not have created. The circumstances are however strongly viewed in favor of the defendant, when they are said to-be even equivalent to the expression of the defendant’s option. If three months before the end of the second year, rents had fallen, and *225 the defendant had given notice of her intention to quit, it would not have been possible for the plaintiff to recover.from her the rent of the next two years upon the allegation that the lease had been renewed, when it would have appeared that the lease never had been in fact renewed, and the evidence of defendant’s assent to the renewal would have been only such evidence as shewed her to be a tenant from year to year.
This Court is of opinion that the Recorder’s view of the law was correct, and that the jury would not have been authorized in finding the verdict which the defendant desired.
The motion is dismissed.
O’Neall, WitheRS, Whither, (Jloyer, and Muhro, JJ,s concurred.

Motion dismissed,